# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHM MARINA BAY, LLC, | ) Case No. |
| | ) |
| | ) IN ADMIRALTY |
| Plaintiff, | ) |
| | ) VERIFIED COMPLAINT |
| v. | ) FOR VESSEL ARREST, |
| | ) INTERLOCUTORY SALE AND |
| M/Y GEORGIA MAE, Official No. 1102337 | ) FOR MONEY DAMAGES FOR |
| AND ALL OF HER ENGINES, TACKLE, | ) BREACH OF MARITIME CONTRACT |
| ACCESSORIES, EQUIPMENT, FURNISHINGS | ) |
| AND APPURTENANCES, *in rem,* | ) |
| | ) F.R.C.P. Supplemental Admiralty |
| | ) Rules C and E. |
| Defendant. | ) |
| | ) |
| | ) 46 U.S.C. Sections 30101- 31343 |
| | ) |

Plaintiff alleges:

## JURISDICTION

1.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1333(1), 28 U.S.C. § 1333 and the Commercial Instruments and Maritime Lien Act, embodied at 46 U.S.C. sections 31301, et seq. This action is a maritime and admiralty claim within the provisions of Rule 9(h) of the Federal Rules of Civil Procedure, and within the Supplemental Rules for Certain Admiralty and Maritime Claims and of this Honorable Court.  Plaintiff, SHM MARINA BAY, LLC (hereinafter "PLAINTIFF") brings this action on its own behalf and on behalf of all parties who were, are or may become interested in all or part of the property which is the subject of this litigation, as their interests may appear.

## PARTIES

2.    PLAINTIFF is and was at all times material herein a Delaware limited liability company in good standing and existing by virtue of the law of the State of Delaware and registered to do business in Massachusetts.  PLAINTIFF owns and operates a marina and boatyard located at 333 Victory Road in Quincy, Massachusetts 02360.

3.    United States Coast Guard records reflect that the DEFENDANT VESSEL is a year 2001, 54-foot Regal Commodore yacht, U.S. Coast Guard Official Number 1102337.  She is now and will during the pendency of this action be within the waters of the District of Massachusetts, and hence within the admiralty jurisdiction of this Honorable Court.

## FIRST CAUSE OF ACTION

(Breach of Maritime Contract for Necessaries -- Against All Defendants)

4.    PLAINTIFF refers to Paragraphs 1 through 3, inclusive, of this Complaint and incorporates them as though fully set forth herein.

5.    Beginning in November of 2022, at the request of Robert Spenlinhauer, as agent and or owner of the DEFENDANT VESSEL, PLAINTIFF provided certain services for the benefit of the DEFENDANT VESSEL, including but not limited to: in water vessel storage, wharfage, berthing, wharfage, water, electricity and sewer access.

6.    The services PLAINTIFF provided included vessel in water vessel storage, berthing, water, electricity and sewer access, all of which constitute "necessaries" for purposes of the Commercial Instruments and Maritime Lien Act (46 U.S.C. section 31301, et seq.).  Vessel storage services also give rise to a maritime lien under the General Maritime Law of the United

States. See, e.g., Ex Parte EASTON, 95 U.S. 68, 75-77 (1877) ("contract for wharfage is a maritime contract [and a] maritime lien arises against the ship or vessel in favor of the proprietor of the wharf"); see also The WESTERN WAVE, 77 F .2d 695 (5th Cir. 1935) (so recognizing); Marubeni-lida (America), Inc. v. Nippon Yusen Kaisha, 207 F. Supp. 418, 419 (S.D.N.Y. 1962) ("furnishing of wharf facilities are maritime services"); The SUELCO, 286 F. 286, 288 (S.D.N.Y. 1922) ("wharfage is the basis of a maritime lien generally, and even in a vessel's home port"); and Humphreys R., Inc. v. F/V NILS 603 F. Supp. 95, 98 (Dist. Va. 1984) ("wharfage contracts are within the maritime jurisdiction [and are] subject to a maritime lien under the general maritime law").

8.      PLAINTIFF in the regular course of business sent Robert Spenlinhauer invoices for the above described maritime services.

9.      Although Mr. Splenlinhauer paid PLAINTIFF $13.150.00, the balance of payment for such maritime services remains unpaid. Mr. Splenlinhauer failed and refused to pay the balance due or any part thereof.

10.     On account of such failure and refusal, the account for the DEFENDANT VESSEL remains in arrears in an amount of not less than $21,879.04.

11.     PLAINTIFF has fully satisfied all obligations required of it as a maritime goods and services provider.

12.     Despite PLAINTIFF'S repeated demands to pay monies due and owing for maritime goods and services provided for the benefit of the DEFENDANT VESSEL, the DEFENDANT VESSEL and her owner, Robert Spenlinhauer, have failed and refused, and they

continue to fail and refuse, to pay sums necessary to satisfy PLAINTIFF's maritime lien, which now encumbers the DEFENDANT VESSEL as a matter of law.

13. By reason of the foregoing, PLAINTIFF has been damaged in a sum of not less than $21,879.04, plus pre-judgment and costs of suit, no part of which has been paid by the DEFENDANT VESSEL, by Mr. Spenlinhauer or anyone else.

**WHEREFORE**, plaintiff prays:

1. That process in due form of law pursuant to this Court's Admiralty and Maritime jurisdiction issue in rem against the DEFENDANT VESSEL, her rigging, tackle, apparel, furniture, engines, bunkers, and all other necessaries thereunto appertaining and belonging, and that all persons claiming any interest in the DEFENDANT VESSEL be cited to appear and Answer this Verified in rem Complaint;

2. That PLAINTIFF's maritime lien be declared to be valid and subsisting in an amount of not less than $21879.04, plus prejudgment interest and costs of suit, and that such lien is prior and superior to the interests, maritime and non-maritime liens or claims of any and all persons, firms or corporations whatsoever;

3. That judgment be entered against the DEFENDANT VESSEL, in rem, for PLAINTIFF's damages in a sum not less than not less than $21,879.04, together with prejudgment interest thereon, plus costs of suit, together with all other amounts which have been or are required to be disbursed by PLAINTIFF for the care, insuring, preservation, storage and mooring of DEFENDANT VESSEL, and all other advances, expenses, fees, costs and disbursements by PLAINTIFF, together with post-judgment interest at the maximum statutory rate;

4.      That DEFENDANT VESSEL, her rigging, tackle, apparel, furniture, engines, bunkers, and all other necessaries thereunto appertaining and belonging be condemned and sold to pay the demands and claims of PLAINTIFF, with interest and costs, and that PLAINTIFF be authorized to become a purchaser permitted to credit bid at any sale of the DEFENDANT VESSEL any amounts owing to PLAINTIFF;

6.      That it be decreed that any and all persons, corporations or other entities claiming any interest in the DEFENDANT VESSEL are forever barred and foreclosed of and from all right or equity of redemption or claim of, in, or to the DEFENDANT VESSEL and every part thereof;

7.      That PLAINTIFF have such other and further relief in justice it may be entitled to receive, and which this Honorable Court deems just and proper.

Respectfully submitted,
The plaintiff,
SHM MARINA BAY, LLC
By its Attorney,


Steven M. Guard, BBO #564424
GUARD LAW LLC
1165 Washington Street
Hanover, MA 02339
Tel: (781)681-6665
Fax (781)681-6664
Email: steve@guardlaw.net

Date: October 23, 2024

VERIFICATION

I, Tyler Miller, declare under penalty of perjury under the laws of the United States and the State of Massachusetts as follows:

1.    I, the undersigned, am the general manager of SHM Marina Bay, LLC.  I certify I have read the foregoing Verified Complaint In Rem, and know its contents.

2.    The matters stated in the Complaint are true of my own knowledge and belief except as to those matters stated on information and belief, and as to those matters, I believe them to be true.

Executed this 23rd day of October, 2024 at Quincy, Massachusetts.

_____
Tyler Miller

Respectfully submitted,
The plaintiff,
SHM MARINA BAY, LLC
By its Attorney,

_____
Steven M. Guard, BBO #564424
GUARD LAW LLC
1165 Washington Street
Hanover, MA 02339
Tel: (781)681-6665
Fax (781)681-6664
Email: steve@guardlaw.net