**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| SHM MARINA BAY, | ) Case No.  1:24-cv-12688-MJJ |
| | ) |
| | ) IN ADMIRALTY |
| Plaintiff, | ) |
| | ) ORDER APPOINTING |
| v. | ) SUBSTITUTE CUSTODIAN AND |
| | ) AUTHORIZING MOVEMENT OF |
| M/Y GEORGIA MAE, Official No. 1102337 | ) DEFENDANT VESSEL |
| AND ALL OF HER ENGINES, TACKLE, | ) |
| ACCESSORIES, EQUIPMENT, FURNISHINGS | ) F.R.C.P. Supplemental Admiralty |
| AND APPURTENANCES, *in rem,* | ) Rules C and E. |
| | ) |
| | ) 46 U.S.C. Sections 30101- 31343 |
| Defendant. | ) |
| | ) |
| | ) |
| _____ | ) |

PLAINTIFF filed its Verified Complaint herein, praying the DEFENDANT VESSEL be condemned and sold to pay PLAINTIFF's demands and for other proper relief, and has attested in its Ex Parte Application for Appointment of Substitute Custodian and the supporting Declaration of Tyler Miller as follows:

1.  It is anticipated that pursuant to Order of this Court issued shortly after the filing of the Verified Complaint, the Clerk of the Court will issue a Warrant for Arrest of the DEFENDANT VESSEL, commanding the United States Marshal for the District to arrest and take into custody the DEFENDANT VESSEL and to detain her in custody until further Order of this Court respecting same.

2.  It is accordingly contemplated that the United States Marshal will arrest the DEFENDANT VESSEL forthwith.  Custody by the United States Marshal requires the services

of one or more keepers, and does not include charges for warfage and the other services usually associated with safekeeping vessels similar to the DEFENDANT VESSEL.

3.  DEFENDANT VESSEL is presently at PLAINTIFF's marina, which is located at 333 Victory Road, Quincy, Massachusetts.  PLAINTIFF has agreed to assume responsibility for safekeeping the said DEFENDANT VESSEL where she lies and to haul and move the DEFENDANT VESSEL to another suitable location at the boatyard, and to act as her custodian until further Order of this Court. It will provide, as necessary under the circumstances, the following services for the safekeeping of the DEFENDANT VESSEL, as described with further particularity below and in the Declaration of Tyler Miller:

a.  Assume custody of the DEFENDANT VESSEL from the United States Marshal at the place of her arrest, and remove her from the marina and transport her to another location at PLAINTIFF's boatyard to be kept on land at the rate of $6.00 per foot of overall vessel length per day (i.e., $264.00 per day for the 44-foot DEFENDANT VESSEL), which rate includes both storage and custodial services, until further Order of the Court;

b.  As soon as possible after assuming custody of the DEFENDANT VESSEL, at a cost of $400.00, photograph and/or video tape her interior and exterior, and prepare a written inventory of key equipment and property on the vessel which is not installed as part of the vessel;

c.  Custodial services will include maintenance of the insurance specified below, daily visual inspection of the exterior of the vessel for evidence of water intrusion, tampering or any other problems, and to otherwise verifies she remains safe and secure.

d.  If it is determined that further action is necessary beyond those detailed herein the Substitute Custodian shall notify its counsel, so counsel can seek an appropriate Order from the Court.

e.  Working engines and other working machinery will NOT be operated unless authorized in a Court Order or required for winterization if necessary.

f.  Provide other such services as might be required from time-to-time, by further Order of the Court.

4.  The Substitute Custodian will not sell the DEFENDANT VESSEL, release her to anyone and/or let anyone aboard her, other than in the case of an emergency or as directed by the Court.

5.  PLAINTIFF has averred it has adequate facilities and supervision for proper safekeeping of the DEFENDANT VESSEL and that it maintains insurance policies which protect it against occurrences of negligence during its custodianship.  Those policies include: which protect it against occurrences of negligence during its custodianship. Those policies include Continental Insurance Company with a per occurrence limit of $2,000,000.00 and a general aggregate limit of $7,500,000.00 and a 92.5-million-dollar umbrella policy with an $8,000,000.00 per occurrence limit.  The Substitute Custodian has accepted, in accordance with the terms of the Order Appointing Substitute Custodian, possession of the DEFENDANT VESSEL, her engines, boilers, tackle, apparel, furnishings, appurtenances, *etc.* and all other necessaries thereunto appertaining and belonging, which is the subject of the action herein.

6. PLAINTIFF, in consideration of the U.S. Marshal's consent to the substitution of custodian, shall release the United States and the Marshal from any and all liability and responsibility arising out of the care and custody of the DEFENDANT VESSEL, her engines, boilers, tackle, apparel, furnishings, appurtenances, and all other necessaries thereunto appertaining and belonging, from the time the Marshal transfers possession of the DEFENDANT VESSEL over to said Substitute Custodian, and said PLAINTIFF further shall hold harmless and indemnify the United States and the Marshal from and against any

and all claims whatsoever arising out of the Substitute Custodian's possession and safekeeping of the DEFENDANT VESSEL.

**THEREFORE, IT IS HEREBY ORDERED** that the United States Marshal for the District of Massachusetts be, and is hereby, authorized and directed upon seizure of the DEFENDANT VESSEL, her engines, boilers, tackle, apparel, furnishings, appurtenances, and all other necessaries thereunto appertaining and belonging, pursuant to the Warrant for Arrest, to surrender the possession thereof to the Substitute Custodian named herein, and that upon such surrender the United States Marshall shall be discharged from all duties and responsibilities for the safekeeping of said vessel and held harmless from and against any and all claims whatever arising out of said substituted possession and safekeeping.

**IT IS FURTHER ORDERED** that PLAINTIFF be, and is hereby appointed, the Substitute Custodian of said DEFENDANT VESSEL, to retain her in its custody for possession and safekeeping for the aforementioned compensation and in accordance with the Declaration of Tyler Miller and the recitals herein contained until further Order of this Court.

**IT IS FURTHER ORDERED** that PLAINTIFF's attorney will serve by mail a copy of said Order to the person(s) believed to be the owner(s) of the DEFENDANT VESSEL and any other person or entity with a known interest in her.

Dated: _____OCTOBER_____  __24__, 2024

Hon. /s/ Myong J. Joun _____

JUDGE OF THE UNITED STATES DISTRICT COURT